**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MOHAMMAD SOHAIL SALEEM, | : | Civil No. 3:19-cv-1071 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| CO I DOE, *et al.*, | : | |
| | : | |
| Defendants | : | |

### MEMORANDUM

Plaintiff Mohammad Sohail Saleem ("Saleem"), an inmate housed at the State

Correctional Institution, Camp Hill, Pennsylvania, ("SCI-Camp Hill"), initiated this civil rights

action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Superintendent

Laurel Harry and several John Does. Presently ripe for disposition is a Rule 12(b) motion to

dismiss by Defendant Harry. (Doc. 13). For the reasons set forth below, the Court will grant

the motion. The Court will also dismiss the action against the John Doe Defendants

pursuant to Federal Rule of Civil Procedure 4(m).

I.   **Allegations of the Complaint**

On June 28, 2018, Saleem was leaving for an authorized temporary absence when

he was required to participate in a group strip search with two other inmates. (Doc. 1 ¶ 13).

Saleem informed an unnamed correctional officer that a group strip search was against his

religion and he requested to be searched individually. (*Id*. at ¶ 14). Despite Saleem's

1

objection, other unnamed staff members and superior officers allowed the group strip search to occur. (*Id.* at ¶¶ 15-16).

Defendant Harry was the Superintendent at SCI-Camp Hill at all relevant times and is being sued in her official capacity. (*Id.* at ¶¶ 10, 42). Saleem alleges that Defendant Harry is liable for the actions of her subordinates. (*Id.* at ¶¶ 42-45).

## II.   Legal Standard

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

2

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint:  First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).  This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

3

III.   **Discussion**

   A.   **Failure to State a Claim**

Saleem's claims against Defendant Harry must be dismissed because the complaint is devoid of facts showing how she was personally involved in the strip search. Indeed, the allegations against Defendant Harry are based solely on the doctrine of *respondeat superior*. (Doc. 1 ¶¶ 41-45).

In order to state an actionable civil rights claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the

4

particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

With respect to Defendant Harry, the Superintendent of SCI-Camp Hill, the complaint contains no allegations as to her personal involvement in the alleged constitutional violations. (*See* Doc. 1). A claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. *See Rode*, 845 F.2d at 1207. Additionally, to the extent that Saleem attempts to hold Defendant Harry liable based on her supervisory role as Superintendent, it is well-established that officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Rode*, 845 F.2d at 1207. Consequently, Defendant Harry's motion to dismiss will be granted on this ground.

### B.    Official Capacity Claim

Even if Saleem had stated a colorable constitutional claim against Defendant Harry, any claims seeking monetary damages against her in her official capacity are barred by the Eleventh Amendment. Personal capacity suits under section 1983 seek to recover money from a government official, as an individual, for acts performed under color of state law. Official capacity suits, in contrast, generally represent an action against an entity of which

5

the government official is an agent. *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988);

*see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). When suits are brought

against state officials in their official capacities, those lawsuits are treated as suits against

the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). However, the doctrine of sovereign

immunity, established by the Eleventh Amendment, protects states, such as the

Commonwealth of Pennsylvania, from suits by citizens. *Pennhurst State School & Hosp. v.

Halderman*, 465 U.S. 89, 100-01, 117 (1984); *Seminole Tribe v. Florida*, 517 U.S. 44, 54,

116 S.Ct. 1114, 1122, 134 L.Ed.2d 252, 265 (1996); *Lavia v. Pennsylvania*, 224 F.3d 190,

195-96 (3d Cir. 2000). That immunity runs to state officials if they are sued in their official

capacity and the state is the real party upon which liability is to be imposed. *Scheuer v.

Rhodes*, 416 U.S. 232, 237-38 (1974). Congress has not abrogated the immunity regarding

Saleem's claims, nor has Pennsylvania waived this grant of immunity. *See* 42 PA. STAT.

ANN. AND CONS. STAT. ANN. § 8521(b). The allegations of the complaint do not fall under

any one of the nine listed categories for which immunity has been waived by the

Commonwealth of Pennsylvania.[1] *See* 42 PA. CONS. STAT. ANN. § 8522(b). Hence,

Saleem's claims for money damages against Defendant Harry in her official capacity are

---

[1]     The nine categories for which sovereign immunity will not apply are: (1) vehicles in the possession or control of a Commonwealth party; (2) acts of health care employees of Commonwealth agency medical facilities or institutions; (3) the care, custody, or control of personal property; (4) a dangerous condition of Commonwealth agency real estate and sidewalks; (5) dangerous conditions of highways created by potholes or sinkholes; (6) the care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. *See* 42 PA. CONS. STAT. ANN. § 8522(b).

6

barred by sovereign immunity. See *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254

(3d Cir. 2010).

## IV.   **Leave to Amend**

When a complaint fails to present a prima facie case of liability, district courts must

generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview*

*State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d

Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a

complaint is subject to dismissal for failure to state a claim, courts should liberally grant

leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515

F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules

allow for liberal amendments in light of the "principle that the purpose of pleading is to

facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962)

(citations and internal quotations omitted). For the reasons set forth above, Saleem's

claims against Defendant Harry are factually and legally flawed and thus incurable.

Therefore, the Court concludes that curative amendment would be futile.

## IV.   **Federal Rule of Civil Procedure 4(m)**

Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with

the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the
> court -- on motion or on its own after notice to the plaintiff -- must dismiss the
> action without prejudice against that defendant or order that service be made

7

> within a specified time.  But if the plaintiff shows good cause for the failure,
> the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).  The John Doe Defendants were named in the complaint that was filed

on June 25, 2019 and, to date, have not been identified or served in this case.  The Court

must engage in a two-step process in determining whether to dismiss the non-served

Defendants or grant Saleem additional time to effect service.  "First, the district court should

determine whether good cause exists for an extension of time.  If good cause is present, the

district court must extend time for service and the inquiry is ended.  If, however, good cause

does not exist, the court may in its discretion decide whether to dismiss the case without

prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298,

1305 (3d Cir. 1995).  Good cause requires good faith on the part of the party seeking an

enlargement and some reasonable basis for noncompliance with the time specified in the

rules. *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).  In

determining whether good cause exists, a court's "primary focus is on the plaintiff's reasons

for not complying with the time limit in the first place." *Id.*  Although prejudice is a factor to

be considered, the absence of prejudice to the opposing party alone does not constitute

good cause to excuse late service. *Id.*

    In the present matter, Saleem failed to establish good cause.  After the expiration of

the ninety-day time period set forth in Rule 4(m), the Court notified Saleem that the action

against the John Doe Defendants was subject to dismissal and directed him to show cause

why the action against these Defendants should not be dismissed pursuant to Rule 4(m).

(Doc. 17).  Saleem failed to respond to the Rule 4 show cause order, and his *pro se* status is not good cause to excuse his failure to timely identify or serve the John Doe Defendants. *Veal v. United States*, 84 F. App'x 253, 256 (3d Cir. 2004).  Based upon the lack of any reasonable explanation for his failure to adhere to the requirements of Rule 4, the Court finds that Saleem failed to establish good cause.

If a plaintiff cannot show good cause for his failure to serve the defendant within ninety days, a district court may either dismiss the defendant, or exercise its discretion to order that service be made within a specific time.  *Petrucelli*, 46 F.3d at 1305; *see also* FED. R. CIV. P. 4(m).  It is Saleem's responsibility to properly identify all defendants, and provide accurate mailing addresses for the defendants, in a timely fashion.  (*See* Doc. 9 ¶ 7) (advising Saleem that failure to properly name a defendant, or provide an accurate mailing address for a defendant, may result in dismissal of the claims against that defendant pursuant to Federal Rule of Civil Procedure 4(m)).

In light of Saleem's lack of good faith effort to identify or serve the John Doe Defendants despite this Court's warning of the possible consequences, including dismissal, the Court concludes that dismissal is appropriate under the present circumstances. Accordingly, the non-identified, non-served Defendants will be dismissed from this action.

**V.**     **Conclusion**

For the reasons set forth above, the Court will grant Defendant Harry's motion (Doc.

13) to dismiss.  The Court will also dismiss the action against the John Doe Defendants

pursuant to Federal Rule of Civil Procedure 4(m).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: August 25, 2020